## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| FINISH STRONG, LLC.<br><br>     Plaintiff,<br><br>     vs.<br><br>NIKE, INC<br><br>     Defendant. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**<br><br>**JURY DEMAND REQUESTED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

Plaintiff, FINISH STRONG, LLC., by its attorneys, VANEK, VICKERS & MASINI, P. C., hereby complains against Defendant, NIKE, INC. ("Nike" or "Defendant") as follows:

## I.

## INTRODUCTION

1.    This is an action for trademark infringement, false designation of origin and unfair competition and deceptive trade practices.

2.    Over fifteen years ago, Mr. Dan Green, the owner of Finish Strong, LLC (hereinafter "Finish Strong LLC" or "Plaintiff"), began pursuing a passion to create a strong brand name around the phrase FINISH STRONG.

3.    Motivation and inspiration in business, one's personal life and athletics were central to both Mr. Green's message and business strategy.  Through a number of enterprises, that are now Finish Strong, LLC, Mr. Green launched a line of products including an extensive line of apparel that bore the FINISH STRONG mark.

4.     Over the years, Finish Strong, LLC has actively promoted its FINISH STRONG branded line of apparel, resulting in numerous unique designs of,  among other things, t-shirts, pants, hats, skirts, and shirts all bearing the FINISH STRONG mark.

5.     The effort to build a strong brand did not come easy or on the cheap.  Hundreds of thousands of dollars of investment and thousands of hours of time were required to launch and build the FINISH STRONG brand.

6.     To protect the substantial investment needed to establish the brand, Finish Strong LLC has acquired several trademark registrations for a variety of goods and services.  One of these registrations - United States Patent and Trademark Office, Reg. No. 2,193,411 – covers various forms of clothing such as hats, T-shirts, golf shirts and jackets.  *See* United States Patent and Trademark Office, Reg. No. 2,193,411 attached as "**Exhibit A**".

7.     This mark, hereinafter referred to as the "FINISH STRONG Trademark," has become incontestable in accordance with 15 U.S.C. §§1065 and 1115(b), and, along with the other trademark rights accrued by Finish Strong, LLC, forms the basis of this lawsuit.

8.     The FINISH STRONG Trademark – which was awarded to a predecessor company of Finish Strong LLC and subsequently assigned to Plaintiff – was issued in 1998. Since and before that date, Finish Strong LLC, its affiliate companies and/or its licensees have actively marketed and promoted T-shirts and other apparel including, without limitation, hats, shirts, sweatshirts and wristbands bearing the FINISH STRONG Trademark.

9.     In plain violation of Finish Strong LLC's exclusive legal rights to the FINISH STRONG Trademark, Defendant Nike has willfully and repeatedly used the FINISH STRONG Trademark as part of its business.

10.     Specifically, Nike has marketed and sold apparel, such as shoes, t-shirts, shorts, jackets and running tights, under the titles "FINISH STRONG" or "FINISH STRONG RUNNING COLLECTION," which, without question, imitate and are confusingly similar to the FINISH STRONG Trademark.

11.     In addition to the foregoing unlawful conduct, Nike has also directly made use of the FINISH STRONG Trademark on certain shirts it offers for sale to the general public, namely, a collection of women's T-shirts bearing the phrase "START STRONG FINISH STRONGER" across the chest.

12.     As described more fully herein, Nike's actions violate the well-established and long standing trademark rights of Finish Strong, LLC and constitute unfair competition and deceptive trade practices.

## II.

## PARTIES

13.     Plaintiff, Finish Strong, LLC, is an Illinois Limited Liability Company with its principal place of business at 1952 McDowell Road, Suite 205, Naperville, Illinois 60563.

14.     Defendant, Nike, is an Oregon corporation with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

## III.

## JURISDICTION AND VENUE

15.     This Court's subject matter jurisdiction arises: (a) from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, jurisdiction conferred by 15 U.S.C. §§1121 and 28 U.S.C. §§1331 and 1338; (b) from the fact that this is a civil action in which Finish Strong LLC and Nike are citizens of different States, and the value of the matters in controversy exceeds $75,000 exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. §1332(a); and (c) by virtue of the fact that certain claims are joined with substantial and related claims under the Trademark Laws of the United States, §§1051 – 1129, jurisdiction conferred by 28 U.S.C. §§1338(b) and 1367.

16.     This Court has general personal jurisdiction over Nike based on, among other things, its continuous and systematic contacts with Illinois.

17.     This Court has specific personal jurisdiction over Nike because Nike has purposefully availed itself to Illinois by doing business in Illinois, including its sale of certain of the products at issue in this lawsuit through stores in Illinois and shipment of certain products at issue in this lawsuit into Illinois.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Finish Strong LLC's claims have occurred and are continuing to occur in this District.

## IV.

## FINISH STRONG LLC'S BUSINESS

19.     Long before Nike began selling its apparel under the "FINISH STRONG RUNNING COLLECTION" and/or "FINISH STRONG" titles or selling T-shirts bearing the "START STRONG FINISH STRONGER" mark, Finish Strong LLC and its licensees had been continuously promoting, marketing, distributing, and selling a variety of clothing bearing the FINISH STRONG Trademark.   In particular – as illustrated by the representative examples below -   Finish Strong LLC has continuously sold, marketed and promoted T-shirts, sweatshirts, pants, skirts, hats, shirts, wristbands and various other apparel as part of its FINISH STRONG brand.



20.     While apparel sales are a major facet of Finish Strong LLC's FINISH STRONG business, the enterprise is not limited to clothing.  To further develop the FINISH STRONG brand, Finish Strong LLC's President, Mr. Daniel Green, authored multiple books bearing the FINISH STRONG phrase in their titles, which have sold well over 200,000 copies and have spread the FINISH STRONG message throughout the United States and the world.  Moreover, Finish Strong LLC also directly markets the brand through the utilization of the FINISH STRONG Trademark in connection with the sale of inspirational posters, nutritional products, coffee mugs, DVDs, CDs and various other merchandise.  Representative examples of the books bearing the title FINISH STRONG and other FINISH STRONG merchandise are as follows:











21.     In addition to these extensive sales and promotional efforts, the company further markets FINISH STRONG through licensing agreements with other entities.  Finish Strong LLC's licensees use the FINISH STRONG Trademark pursuant to non-exclusive licensing rights by which the licensees make the mark visible on the products they publicly use/sell.  Notable licensees include, or have included, major corporations, professional athletes, and a team associated with the National Football League.

22.     Finish Strong's licensees have contributed to the nationwide recognition of the FINISH STRONG Trademark.

23.     Formal advertising is another major component of Finish Strong LLC's brand development. Through the expenditure of substantial sums of money, Finish Strong LLC has aggressively promoted and continues to promote its clothing line and other products through advertising channels such as internet websites, print publications, outdoor advertising and trade shows.  Examples of Finish Strong LLC's aggressive advertising campaigns include prominent displays in national health magazines such as "Her Sports" and "Experience Life" as shown below.






24.      Finish Strong's LLC's extensive efforts have been highly successful as hundreds of thousands of dollars' worth of goods and services have been sold, or are under license by, Finish Strong LLC, under the name and mark FINISH STRONG throughout the United States.

25.      The FINISH STRONG Trademark provides essential protection for the substantial investment that Finish Strong LLC has made, and continues to make, to build and sustain the FINISH STRONG brand.

26.      The FINISH STRONG Trademark is the foundation of Finish Strong LLC's business, is the centerpiece of the company's brand identity and is a succinct symbol of the company's values and philosophy.

27.      By virtue of Finish Strong LLC's continued use, advertising and promotion, its FINISH STRONG Trademark became and remains distinctive, well-recognized, and famous, possesses a strong secondary meaning, and represents extremely valuable goodwill.

**V.**

**DEFENDANT'S UNLAWFUL ACTS**

28.      Defendant Nike manufactures and sells, among other products, footwear, apparel, sports accessories and sporting equipment.

29.      Nike's apparel competes directly with Finish Strong  LLC's apparel.

30.      Beginning at least as early as last year, Nike began promoting and advertising a certain line of clothing, namely, T-shirts, shorts, vests, running tights, running jackets and shoes, under the title "FINISH STRONG" collection and/or "FINISH STRONG RUNNING COLLECTION".

31.      Representative printouts from store.nike.com   and nike.com showing Nike's promotion and sale of goods under these titles – which are available for purchase online and at stores where Nike products are sold, e.g. at Nike Town locations -  are shown below.



32.    In addition, Nike has sold and offered for sale, and, on information and belief, continues to sell and offer for sale, women's exercise T-shirts bearing the mark "START STRONG FINISH STRONGER."   Depictions of T-shirts bearing this mark – which, on information and belief, were and continue to be available online and/or at major retailers such as Kohl's are as follows:




33.     Nike unlawfully manufactured, marketed and sold the foregoing products bearing the FINISH STRONG Trademark with full knowledge of Finish Strong LLC's rights in the name and mark for the same products. Nike's knowledge of Plaintiff's rights, and blatant disregard for them, is indisputable. This is so because long before filing this action, Finish Strong LLC informed Nike of its legal rights and longstanding use of the FINISH STRONG Trademark and offered to Nike the opportunity to license the FINISH STRONG Trademark. Rather than license the mark, Nike has apparently chosen to improperly appropriate a brand that it does not own.

34.     Nike's willful use of the FINISH STRONG Trademark despite being informed of Finish Strong LLC's rights to it is especially egregious given Nike's awareness of the source identifying power of trademarks as evidenced by Nike's longstanding aggressive enforcement of its own trademark rights such as the company's tagline "JUST DO IT".

35.     Nike's manufacture, marketing and sale of apparel bearing the FINISH STRONG Trademark is likely to cause confusion, mistake and deception as to the source or origin of Nike and/or its products, and is likely to falsely suggest a sponsorship, connection, or association of Nike, its products, its services and/or its commercial activities with Finish Strong LLC.

36.     Nike's conduct has negatively affected and will continue to negatively affect Finish Strong LLC's marketing and sales of its own products if the conduct persists.

37.     Nike's use of the FINISH STRONG Trademark is without the consent or authorization of Finish Strong LLC.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

38.     Finish Strong LLC repeats and realleges each and every allegation of paragraphs 1 through 37 as though fully set forth herein.

39.     Finish Strong LLC's FINISH STRONG Trademark is protected due to, among other things, its registration and Finish Strong LLC's continuous and longstanding use of the mark.

40.     Nike's unauthorized use of the FINISH STRONG Trademark in connection with its manufacture, advertising and/or sale of its apparel as described herein is likely to cause confusion or mistake among consumers or to deceive consumers as to the source of the goods in violation of the Trademark Laws of the United States, specifically, 15 U.S.C. §1114(1).

41.     On information and belief, Nike's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Finish Strong LLC and Finish Strong LLC's FINISH STRONG Trademark, and to mislead the public into believing that there is a connection, affiliation, or association between Nike or its FINISH STRONG-branded apparel and Finish Strong LLC and its FINISH STRONG-branded apparel.

42.     By reason of Nike's acts, Finish Strong LLC has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

43.     Unless enjoined by this Court, Nike will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Finish Strong LLC, for which Finish Strong LLC has no adequate remedy at law.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

44.     Finish Strong LLC repeats and realleges each and every allegation of paragraphs 1 through 37 as though fully set forth herein.

45.     Finish Strong LLC's FINISH STRONG Trademark is protected due to, among other things, its registration and Finish Strong LLC's continuous and longstanding use of the mark.

46. Nike's unauthorized use of the FINISH STRONG Trademark in connection with its manufacture, advertising and/or sale of apparel as described herein is likely to cause confusion and deception among the purchasing public and/or likely to mislead prospective purchasers into believing that Finish Strong LLC approved, originated or somehow sponsored Nike's use of the FINISH STRONG Trademark in connection with Nike's manufacture, advertising and/or sale of Nike apparel bearing the mark.

47. Such conduct constitutes the use of a false designation of origin and/or false description of representation in violation of 15 U.S.C. §1125(a).

48. On information and belief, Nike's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Finish Strong LLC and Finish Strong LLC's FINISH STRONG Trademark, and to mislead the public into believing that there is a connection, affiliation, or association between Nike or its FINISH STRONG-branded apparel and Finish Strong LLC and its FINISH STRONG-branded apparel.

49. By reason of Nike's acts, Finish Strong LLC has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

50. Unless enjoined by this Court, Nike will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Finish Strong LLC, for which Finish Strong LLC has no adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

51. Finish Strong LLC repeats and realleges each and every allegation of paragraphs 1 through 37 as though fully set forth herein.

52. Due to, among other things, Finish Strong LLC's continuous and longstanding use of the FINISH STRONG Trademark, the mark is protected, and Finish Strong LLC has the

exclusive right to use the FINISH STRONG Trademark and marks similar thereto in connection with its sale of apparel covered by the mark.

53.     As a result of Finish Strong LLC's continuous and longstanding use of the FINISH STRONG Trademark, Finish Strong LLC has become identified in the public mind as the manufacturer or licensor of products to which the FINISH STRONG Trademark is applied.

54.     Finish Strong LLC has acquired a reputation among consumers for quality and excellence and the FINISH STRONG Trademark has come to symbolize that reputation.

55.     Nike's unauthorized use of the FINISH STRONG Trademark in connection with its manufacture, advertising and/or sale of its apparel as described herein is likely to cause confusion or mistake among consumers or to deceive consumers as to the source of the apparel.

56.     Such conduct constitutes trademark infringement in violation of the common law of Illinois.

57.     On information and belief, Nike's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Finish Strong LLC and Finish Strong LLC's FINISH STRONG Trademark, and to mislead the public into believing that there is a connection, affiliation, or association between Nike or its FINISH STRONG-branded apparel and Finish Strong LLC and its FINISH STRONG-branded apparel.

58.     By reason of Nike's acts, Finish Strong LLC has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

59.     Unless enjoined by this Court, Nike will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Finish Strong LLC, for which Finish Strong LLC has no adequate remedy at law.

## COUNT IV

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER 815 ILCS §510/2 ET. SEQ.  AND COMMON LAW UNFAIR COMPETITION

60.     Finish Strong LLC repeats and realleges each and every allegation of paragraphs 1 through 37 as though fully set forth herein.

61.     Nike's unauthorized use of the FINISH STRONG Trademark in connection with the manufacture, advertising and sale of apparel as described herein constitutes unlawful and unfair business practices under 815 ILCS §§510/2 as well as Illinois common law unfair competition.

62.     Nike's conduct has injured and will continue to injure Finish Strong LLC in its business and property.

63.     By reason of Nike's acts, Finish Strong LLC has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Finish Strong LLC, prays for a judgment:

1.     Permanently enjoining and restraining Nike, its officers, agents, employees, representatives, and all others acting in concert or participation with any of them from:

   a. Using in any manner the FINISH STRONG Trademark, or any other colorable imitation of the FINISH STRONG Trademark, or any other designation that is confusingly similar to the FINISH STRONG Trademark, including, but not limited to the infringing uses cited herein, as are likely to cause confusion, deception or mistake on or in connection with the manufacturing, advertising,

distributing, offering for sale or selling of any product not Finish Strong LLC's, or not authorized by Finish Strong LLC;

b. Passing off, inducing or enabling others to sell or pass off, any product as and for products produced by Finish Strong LLC, which are not Finish Strong LLC's products, or not produced under the control and supervision of Finish Strong LLC and approved by Finish Strong LLC for sale under the FINISH STRONG Trademark;

c. Committing any acts calculated to cause purchasers to believe that Nike's infringing products are sold under the control and supervision of, sponsored by, approved by, guaranteed by or in any way connected with Finish Strong LLC;

d. Further infringing the FINISH STRONG Trademark, and damaging Finish Strong LLC's goodwill;

e. Otherwise competing unfairly with Finish Strong LLC in any manner; and

f. Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

2. Finding that Nike willfully infringed FINISH STRONG Trademark.

3. Finding that Nike's use of the FINISH STRONG Trademark has caused and/or is likely to cause confusion among the general purchasing public as to the source of origin of the infringing products.

4. Directing Nike to:

a. Account for and pay over to Finish Strong LLC all profits derived by Nike from its acts complained of herein, together with prejudgment interest;

     b.   Pay to Finish Strong LLC all the damages Finish Strong LLC has suffered as a result of the acts of Nike complained herein, including an assessment of trebled actual damages, together with prejudgment interest;

     c.   Pay to Finish Strong LLC its attorneys' fees and costs in this action;

     d.   File with this Court and serve on Finish Strong LLC's counsel, within 30 days after entry of an injunction issued by this Court, a sworn statement as provided in 15 U.S.C. §1116.

5.     Awarding Finish Strong LLC such further relief as this Court deems just and equitable.

## VII.

## JURY DEMAND

Finish Strong LLC hereby demands a trial by jury of any issue in this action triable by right before a jury.

Dated: February 10, 2014     By:     VANEK, VICKERS & MASINI, P.C.

     /s/ Joseph. M. Vanek

     Joseph M. Vanek
     John P. Bjork
     Alexa B. Johnson
     VANEK, VICKERS & MASINI, P.C.
     55 West Monroe St., Suite 3500
     Chicago, Illinois 60603
     Telephone: 312-224-1500
     Facsimile: 312-224-1510
     E-Mail: jvanek@vaneklaw.com
     E-Mail: jbjork@vaneklaw.com
     E-Mail: ajohnson@vaneklaw.com

     Counsel for Plaintiff Finish Strong, LLC